The Honorable Bryan B. King State Representative
871 County Road 814 Green Forest, Arkansas 72638-2657
Dear Representative King:
You have requested my opinion on two questions regarding the Oak Ridge Park Subordinate Service District. I have paraphrased your questions as follows:
 1. Arkansas law requires that members of county administrative boards be (1) qualified electors of that county and (2) meet any additional qualifications the county sets by ordinance. The County Judge may appoint a qualified candidate to the board, subject to the Quorum Court's confirmation. Carroll County has an ordinance limiting the pool of appointees to only those people who are both nominated by the lot owners in the service district and who actually live in the service district. Are these prescriptions valid "additional qualifications" for prospective appointees?
 2. If the nomination requirement is a valid additional qualification, may the County Judge appoint board members who the lot owners never nominated?
RESPONSE
I have not seen the county ordinance you cite, so I am assuming it is accurately quoted and contains no other information that is relevant to this opinion. In my opinion, the nomination requirement is not a valid additional qualification, but the district-residency restriction probably is a valid additional qualification. Because *Page 2 
the nomination requirement is probably invalid, in my opinion, your second question is moot.
DISCUSSION
According to your opinion request, Carroll County has enacted an ordinance that establishes an administrative board to govern a particular subordinate service district. The General Assembly has stated that everyone appointed to the administrative board must meet two criteria: "All persons appointed to an . . . administrative board shall be qualified electors of the county. A quorum court may prescribe by ordinance additional qualifications for appointment to county administrative board."[1]
The Carroll County ordinance appears to be attempting to prescribe at least two "additional qualifications for appointment." First, the ordinance requires the prospective board members be "nominated by vote of lot owners within the [subordinate service] District." Second, the entire administrative board must be composed of "electors of the District." The latter requirement, while a little ambiguous, appears to be restricting prospective board members to only those people who are both (1) electors of the county and (2) who reside in the subordinate service district.[2]
In my opinion, the first prescription (i.e., the nomination requirement) is probably not a valid "additional qualification" under the statute because the prescription fundamentally alters the appointment process and, therefore, over-steps the quorum court's authority. In contrast, the second prescription (i.e., the district-residency requirement) is probably a valid "additional qualification." To see why the two prescriptions must be treated differently, we must analyze the general law that applies to a county's ability to pass ordinances on these matters.
Although Amendment 55 to Arkansas's constitution grants counties broad legislative powers and quorum courts may "exercise local legislative power not denied by the Constitution or by law,"[3]
counties cannot adopt "[a]ny legislative act *Page 3 
contrary to the general laws of the state."[4] The legislature has given quorum courts the authority to bring administrative boards into existence and placed certain restrictions on how they can be brought into existence.[5] The legislature has authorized the county judge to appoint people to the administrative board, subject to the quorum court's confirmation.[6] The county judge may removal board members for cause, subject to the quorum court's confirmation.[7] And the county judge fills any vacancies on the board by his appointment power.[8]
From this analysis of the broad principles governing your questions, we can see why the nomination prescription actually subverts the statutory scheme the legislature has established. The statutory scheme is an appointment-and-confirmation process. The statutes consistently give the county judge broad authority to control who sits on the board. That authority is subject only to confirmation by the quorum court. Therefore, the statutory scheme sets up a two-step process by which one becomes a member of the administrative board: (1) appointment and (2) confirmation.
The ordinance at issue here fundamentally alters the statutory process by which one becomes a member of the board. Instead of adding an additional qualification that an individual must meet before being eligible for appointment, the nomination requirement in the ordinance adds a step to the appointmentprocess: (1) nomination, (2) appointment, and (3) confirmation. The nomination requirement, in effect, changes the appointment-and-confirmation process into a quasi-election process. In my opinion, this addition over-steps the quorum court's authority under the statute. Thus, the nomination requirement cannot be a valid additional qualification, in my opinion.
In contrast, the ordinance's second prescription — the district-residency requirement — appears to be a legitimate "additional qualification." While there is *Page 4 
no controlling precedent regarding what constitutes an "additional qualification," residency restrictions are classic criteria governing who can hold certain public offices. This second prescription appears to be simply a heightened residency requirement. As such, the prescription is directed at the prospective appointee, not the political process of appointment. This prescription does not contravene the statute because any qualified elector residing in the subordinate service district is, necessarily, a qualified elector in the county. Therefore, given the classic nature of residency restrictions, and being mindful of what little information I have about the actual ordinance, I believe the district-residency prescription probably does qualify as an "additional qualification" under the statute.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
Dustin McDaniel Attorney General
DM/RO:cyh
[1] A.C.A. § 14-14-705(b)(3) (Repl. 1998).
[2] For purposes of the state-law question, I will assume this is the correct interpretation of the residency restriction.
[3] Ark. Const., Amend. 55, § 1(a).
[4] A.C.A. § 14-14-805(13) (Repl. 1998).
[5] A.C.A. § 14-14-705(2)(A) (Repl. 1998); A.C.A. § 14-14-705(2)(C) (enabling administrative boards to govern subordinate service districts).
[6] A.C.A. § 14-14-705(2)(D).
[7] A.C.A. § 14-14-705(3)(E).
[8] A.C.A. § 14-14-705(3)(C); Op. Att'y Gen. 1990-308. *Page 1